| | |
|---|---|
| 1 | **WO** NOT FOR PUBLICATION |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gainey Ranch Community Association, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>Rune Kraft, *et al.*,<br><br>        Defendants. | No. CV-17-03947-PHX-JJT<br><br>**ORDER** |

At issue are Defendant Rune Kraft's Motion to Dismiss (Doc. 5, MTD) and Motion for Extension (Doc. 3, Mot. for Extension). The Court finds the pending motions appropriate for review without responsive briefing. Accordingly, the Court denies Defendant's motions and remands the matter *sua sponte* to Maricopa County Superior Court for further proceedings.

In the Ninth Circuit,

> [a] successive removal petition is permitted only upon a "relevant change of circumstances"—that is, "when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). We have recognized such changes in circumstances, for example, when an intervening change of law gives rise to a new basis for subject-matter jurisdiction. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *Kirkbride*, 933 F.2d at 732. Successive petitions are also permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time. *See O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (collecting authorities).

*Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015).

This marks Defendant's second attempt to remove this case to the District of Arizona. *See* Notice of Removal, *Gainey Ranch Cmty. Assoc. v. Kraft*, No. 17-cv-02092-MHB (D. Ariz. June 30, 2017). Following the initial notice of removal, Plaintiffs filed a motion to dismiss for lack of jurisdiction, which Magistrate Judge Michelle H. Burns granted on September 26, 2017, remanding the case to Maricopa County Superior Court.[1] Order, *Gainey Ranch Cmty. Assoc. v. Kraft*, No. 17-cv-02092-MHB (D. Ariz. Sept. 26, 2017). On October 13, 2017, Defendant filed a motion for reconsideration, which Magistrate Judge Burns denied on October 20, 2017. Order, *Gainey Ranch Cmty. Assoc. v. Kraft*, No. 17-cv-02092-MHB (D. Ariz. Oct. 20, 2017). Defendant filed his second Notice of Removal in this Court six days later. Defendant's petition, however, does not indicate that a "relevant change of circumstances" occurred "reveal[ing] a *new* and *different* ground for removal." *See Kirkbride*, 933 F.2d at 732. Indeed, the Amended Complaint attached to the petition as Exhibit A is the same Amended Complaint that Defendant previously removed and that Magistrate Judge Burns remanded. (Doc. 1, Notice of Removal Ex. A.) Accordingly, the Court *sua sponte* remands this matter.

**IT IS ORDERED** remanding this matter to Maricopa County Superior Court. Further attempts to remove the case without demonstrating a relevant change in circumstances may result in sanctions.

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion for Extension (Doc. 3) and Motion to Dismiss (Doc. 5).

Dated this 2nd day of November, 2017.

Honorable John J. Tuchi
United States District Judge

---

[1] "[F]ull-time federal magistrate judges 'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court' and '[u]pon consent of the parties.'" *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (quoting 28 U.S.C § 636(c)(1)). The record from Defendant's prior attempt to remove indicates that all parties consented to magistrate jurisdiction.

- 2 -